UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HARVEST CYLE DAVIDSON,

          Plaintiff,

  v.

HOLIDAY INN EXPRESS TACOMA, et al.,

          Defendant.

CASE NO. C25-5562 BHS

ORDER

THIS MATTER is before the Court on its review of pro se plaintiff Harvest Davidson's response, Dkt. 14, to the Court's Order to Show Cause, Dkt. 13. The Court ordered Davidson to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Davidson's response proposes that he will pursue his state law personal injury/negligence claim in state court, while pursuing his claim for injunctive relief under the Americans with Disabilities Act (ADA), and his § 1983 claim against the City of Tacoma for "failure to enforce building codes" in this federal court. The Court agrees that the negligence claim belongs in state court, but Davidson has not properly invoked this

ORDER - 1

Court's jurisdiction and this case is DISMISSED without prejudice and without leave to amend.

Davidson has not alleged any facts supporting his conclusory claim that the City of Tacoma violated his constitutional rights by failing to enforce some building code provision. As the Court's prior order explained, the City is not a "person" for purposes of § 1983. Davidson has not alleged even in conclusory fashion that the City had a policy, custom, or practice that was the moving force behind some constitutional violation; he has identified no constitutional violation and he has not identified any person that violated his rights. His § 1983 claim against the City is not plausible and it is DISMISSED.

Nor has Davidson articulated a plausible ADA claim. He now seeks an injunction requiring Holiday Inn to update its facility to be ADA compliant.

A plaintiff has standing to sue only if they present a legitimate "case or controversy," meaning the issues are "definite and concrete, not hypothetical or abstract." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000). To establish Article III standing, he must show that he (1) suffered an injury in fact that is (2) fairly traceable to the alleged conduct of the defendants, and that is (3) likely to be redressed by a favorable decision. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). A plaintiff who faces a threat of future injury "has standing to sue if the threatened injury is certainly impending, or there is a substantial risk" that the injury will occur. *In re Zappos.com, Inc.*, 888 F.3d 1020, 1024 (9th Cir. 2018) (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)).

Davidson has no standing to assert such a claim. He asserts he lives in California and he has not plausibly plead that he is even remotely likely to encounter ADA deficiencies at the Tacoma Holiday Inn in the future. He certainly has not alleged facts supporting the inference that he faces an imminent risk that can only be voided by this lawsuit. An ADA compliance injunction would not remedy the injury of which he complains.

Davidson's federal § 1983 and ADA claims, and this case, are **DISMISSED without prejudice** and **without leave to amend**. He may file his state law claims in state court. The clerk shall close the case.

**IT IS SO ORDERED.**

Dated this 8th day of September, 2025.

BENJAMIN H. SETTLE
United States District Judge